**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 10-CV-01326-REB-KLM

MKBS, LLC d/b/a METRO TAXI

Plaintiff,

v.

RESEARCH UNDERWRITERS, LLC, a Pennsylvania limited liability company,
FINANCIAL ASSOCIATES, INC., a Pennsylvania corporation, and
STEPHEN FRIEDBERG, an individual

Defendants.

---

**FIRST AMENDED COMPLAINT AND JURY DEMAND PURSUANT TO
FED. R. CIV. PRO. 15(a)(1)**

---

COMES NOW the Plaintiff, MKBS, LLC d/b/a Metro Taxi ("Plaintiff" or "Metro Taxi"), by and through its counsel Jamey W. Jamison, Esq. and Coulter M. Bump, Esq. of Harris Karstaedt Jamison & Powers, P.C. ("Plaintiff") and states the following for this Complaint and Jury Demand ("Complaint"):

**PARTIES**

1. Plaintiff Metro Taxi is a taxi cab company with a principal place of business at 5909 West 38th Avenue, Denver, Colorado 80207.

2. Defendant Research Underwriters LLC ("Research Underwriters") is a Pennsylvania limited liability company with its principal place of business at 4240 Greensburg Pike, Pittsburgh, Pennsylvania 15221-4235.

3. Defendant Financial Associates, Inc. ("Financial Associates") is a Pennsylvania corporation with its principal place of business at 4240 Greensburg Pike, Pittsburgh, Pennsylvania 15221-4235.

4. Defendant Stephen Friedberg ("Mr. Friedberg") is an individual residing at 4204 Tamarack Lane, Murrysville, Pennsylvania 15668.

## JURISDICTION

5. Pursuant to C.R.S. §13-1-124, this Court has jurisdiction over the parties and the causes of action alleged in this Complaint because, in accordance with subsections (1)(a) and (d) of the long arm statute, Defendants have transacted business in Colorado by assisting in the sale of insurance to Plaintiff and Plaintiff's cab drivers and, in accordance with subsection (1)(b) of the long arm statute, Defendants have committed a tortious act within this state.

## VENUE

6. Venue is proper in the City and County of Denver because this action involves Metro Taxi, a Colorado limited liability company, which conducts its business in the City and County of Denver, State of Colorado, and is where Defendants sold Metro Taxi an insurance policy. Moreover, venue is proper because, pursuant to C.R.C.P. 98(c), if the Defendants are nonresidents of Colorado, the action can be tried in the county designated in the Complaint.

## GENERAL ALLEGATIONS

7. Mr. Friedberg is an insurance broker for Research Underwriters and Financial Associates and upon information and belief is the owner of Research Underwriters and Financial Associates.

8. Financial Associates holds itself out as either a subsidiary or owner of Research Underwriters.

9. Upon information and belief, Research Underwriters and Financial Associates are insurance brokerages doing business as "Research Underwriters Financial Associates, Inc." and/or "Research Underwriters."

10. Mr. Friedberg, and Research Underwriters and Financial Associates, by and through their owners, corporate officers, employees, agents, or representatives, consult with clients, evaluate clients' needs, research and review available insurance policies, provide information about the characteristics of different insurance policies, coordinate the underwriting process and determination of premium costs with the company writing the insurance policies, and ultimately coordinate the sale of the insurance policies to clients.

11. Research Underwriters and Financial Associates, by and through their owners, corporate officers, employees, agents, or representatives, advertise and represent to the public on the Research Underwriters Financial Associates, Inc. Web site that Research Underwriters Financial Associates, Inc. has been the leader in providing insurance options to the transportation industry for over 50 years.

12. Research Underwriters and Financial Associates, by and through their owners, corporate officers, employees, agents, or representatives, advertise and represent to the public on the Research Underwriters Financial Associates, Inc. Web site that Research Underwriters Financial Associates, Inc. serves 3,000 clients. Upon information and belief, these 3,000 clients, like Plaintiff Metro Taxi, have businesses that are also in the transportation industry.

13. Research Underwriters and Financial Associates, by and through their owners, corporate officers, employees, agents, or representatives, advertise and represent to the public on the Research Underwriters Financial Associates, Inc. Web site that Research Underwriters Financial Associates, Inc. is specifically devoted to providing, offering, and creating "the most innovative cost-effective insurance products" for clients and "providing solutions to complex insurance problems across many industries with specific emphasis on the transportation industry."

14. Research Underwriters and Financial Associates, by and through their owners, corporate officers, employees, agents, or representatives, advertise and represent to public on the Research Underwriters Financial Associates, Inc. Web site that Research Underwriters Financial Associates, Inc. is the nation's leader in "designing creative alternative risk financing programs including high capacity deductibles, self insured retentions and captives."

15. Research Underwriters and Financial Associates, by and through their owners, corporate officers, employees, agents, or representatives, advertise and represent to the public on the Research Underwriters Financial Associates, Inc. Web site that Research Underwriters Financial Associates, Inc. has highly trained insurance professionals who are available to answer clients' questions. Upon information and belief, Research Underwriters and Financial Associates hire skilled employees, train employees on the requirements of selling insurance in the various states, including Colorado, and supervise employees in making sales of insurance policies that are compliant with state laws, including workers' compensation laws.

16. Defendants Research Underwriters and Financial Associates, by and through their owners, corporate officers, employees, agents, or representatives, represent that they are competent and qualified to sell insurance.

17. Defendants Mr. Friedberg, and Research Underwriters and Financial Associates, by and through their owners, corporate officers, employees, agents, or representatives, know or represent that they know the insurance requirements provided by the laws, including workers' compensation laws, of various states, including Colorado.

18. Research Underwriters advertises on the Research Underwriters Financial Associates, Inc. Web site that it is authorized and/or licensed to sell insurance in Colorado.

19. Upon information and belief, Research Underwriters is not licensed to sell insurance in Colorado.

20. Upon information and belief, Mr. Friedberg is a Colorado Licensed Insurance Non-Resident Producer (Agent) and Financial Associates is a Licensed Insurance Non-Resident Producer (Agency).

21. Beginning in 1988 and continuing through 1990, Defendants Mr. Friedberg, and Research Underwriters and Financial Associates, by and through their owners, corporate officers, employees, agents, or representatives, sold insurance to Robert McBride ("Mr. McBride"), one of Metro Taxi's owners, when Mr. McBride owned Mon-Valley Taxi, a taxi cab company doing business outside of Pittsburgh, Pennsylvania.

22. Mr. Friedberg and Mr. McBride were members of the Taxicab, Limousine, and Paratransit Association ("TLPA"). They frequently visited with each other at TLPA meetings and expositions.

23. Upon information and belief, Research Underwriters was an exhibitor at the TLPA conventions in 2003 and 2005.

24. Upon information and belief, Mr. Friedberg regularly attends trade association meetings and exhibitions for TLPA and has conducted business with and sold insurance to many TLPA members.

25. Beginning in 2004 and continuing through 2007, Metro Taxi consulted with and sought assistance from Defendants Mr. Friedberg and Research Underwriters and Financial Associates, by and through their owners, corporate officers, employees, agents, or representatives, with respect to the purchase of insurance that was compliant with Colorado law for Metro Taxi cab drivers in Colorado.

26. On or about August 11, 2004, Defendants Mr. Friedberg and Research Underwriters and Financial Associates, by and through their owners, corporate officers, employees, agents, or representatives, recommended and sold to Metro Taxi in Colorado a Blanket Accident Insurance Policy (the "Policy") with National Union Fire Insurance Company of Pittsburgh, PA, a subsidiary of American International Group, Inc. ("AIG"). Metro Taxi then made the Policy available for purchase by its cab drivers in Colorado.

27. Defendants Mr. Friedberg, and Research Underwriters and Financial Associates, by and through their owners, corporate officers, employees, agents, or representatives, represented to Metro Taxi that the Policy would be a substitute for workers' compensation coverage in Colorado and that the Policy would be compliant with Colorado law.

28.	Metro Taxi has renewed the Policy every year since the date of purchase on August 11, 2004.  Similarly, Metro Taxi cab drivers have renewed their policies.

29.	Mr. Friedberg, and Research Underwriters and Financial Associates, by and through their owners, corporate officers, employees, agents, or representatives, have never told Metro Taxi that the Policy is not compliant with the requirements of Colorado law.

30.	Defendants Mr. Friedberg, and Research Underwriters and Financial Associates, by and through their owners, corporate officers, employees, agents, or representatives, knew that Metro Taxi had planned to also purchase a workers' compensation policy from Pinnacol Assurance for Metro Taxi's Colorado employees.

31.	On May 10, 2007, the Industrial Claim Appeals Office issued a Final Order, affirming Administrative Law Judge Martinez's finding that the claimant in that matter was an "employee" when he suffered work-related injuries as a Metro Taxi cab driver and that the coverage offered under the "Occupational Accident Insurance" policy was not comparable to the benefits offered under the Workers' Compensation Act.  *See In re Gebrekidan v. MKSB, LLC dba Metro Taxi*, 2007 WL 1456165 (Colo. Ind. Cl. App. Off. May 10, 2007).  As a result of this ruling, Metro Taxi was involved in two additional workers' compensation cases involving cab drivers and has additional exposure based on the finding that the policy Defendants sold to Metro Taxi was insufficient and noncompliant coverage for Metro Taxi cab drivers.  The AIG Policy sold by Defendants is the same insurance policy as the "Occupational Accident Insurance" policy that was at issue in *In re Gebrekidan.*

32.	Upon information and belief, Defendants Mr. Friedberg, and Research Underwriters and Financial Associates, by and through their owners, corporate officers, employees, agents, or representatives, knew about the *Gebrekidan* case and final decision but continued to represent to Metro Taxi that the Policy was compliant with Colorado workers' compensation law.

### FIRST CLAIM FOR RELIEF
### Fraudulent Misrepresentation
### (Against All Defendants)

33.	Plaintiff Metro Taxi realleges and incorporates paragraphs 1-32 of this Complaint and Jury Demand as if fully set forth herein.

34.	On or about August 2004, Mr. McBride, as a member of Metro Taxi, contacted Mr. Friedberg, seeking to purchase insurance from Defendants Mr. Friedberg and Research Underwriters and Financial Associates, by and through their owners, corporate officers, employees, agents, or representatives, for Metro Taxi cab drivers in Colorado.

35. Mr. McBride explained to Mr. Friedberg that Metro Taxi would offer the insurance policy recommended by Mr. Friedberg to Metro Taxi's cab drivers in Colorado.

36. Metro Taxi told Mr. Friedberg that Metro Taxi was a Colorado company hiring its drivers pursuant to a lease agreement.

37. Metro Taxi sought Mr. Friedberg's recommendations as to a policy that would provide coverage to Metro Taxi cab drivers and that was compliant with Colorado workers' compensation law.

38. Defendants Mr. Friedberg, and Research Underwriters and Financial Associates, by and through their owners, corporate officers, employees, agents, or representatives, represented that they knew of and were familiar with the workers' compensation insurance coverage requirements in Colorado.

39. Defendants Mr. Friedberg, and Research Underwriters and Financial Associates, by and through their owners, corporate officers, employees, agents, or representatives, represented to Metro Taxi that the Policy would provide adequate coverage for the risk described by Metro Taxi.

40. Upon information and belief, Defendants Mr. Friedberg, and Research Underwriters and Financial Associates, by and through their owners, corporate officers, employees, agents, or representatives, represented to Metro Taxi that the Policy would satisfy requirements of Colorado law and would provide Metro Taxi cab drivers comprehensive coverage.

41. Upon information and belief, Defendants Mr. Friedberg, and Research Underwriters and Financial Associates, by and through their owners, corporate officers, employees, agents, or representatives, knew that the Policy did not offer adequate coverage and that the Policy did not comply with Colorado law.

42. Defendants Mr. Friedberg, and Research Underwriters and Financial Associates, by and through their owners, corporate officers, employees, agents, or representatives, told Metro Taxi that the Policy was adequate and compliant with Colorado law, intending that Metro Taxi would rely on the information in purchasing the Policy from Defendants.

43. Defendants Mr. Friedberg, and Research Underwriters and Financial Associates, by and through their owners, corporate officers, employees, agents, or representatives, knew that Metro Taxi was relying on its advice and recommendations as to what would be the most appropriate insurance policy for Metro Taxi's cab drivers in Colorado.

44. Metro Taxi purchased the Policy on August 11, 2004, and thereafter offered it to its cab drivers.

45. Metro Taxi relied solely on the expertise and specific advice given to Metro Taxi by Mr. Friedberg and Research Underwriters and Financial Associates, by and through their owners, corporate officers, employees, agents, or representatives, in purchasing the Policy and in offering the Policy to its cab drivers.

46. As a direct and proximate result of Metro Taxi's reliance on the advice of Mr. Friedberg and Research Underwriters and Financial Associates, by and through their owners, corporate officers, employees, agents, or representatives, to purchase the Policy, Metro Taxi was harmed because the Policy did not provide Metro Taxi cab drivers adequate coverage and it is not compliant with Colorado workers' compensation law.

47. As a direct and proximate result of the misrepresentations made by Defendants Mr. Friedberg, and Research Underwriters and Financial Associates, by and through their owners, corporate officers, employees, agents, or representatives, Metro Taxi has been damaged and continues to suffer damage.

WHEREFORE, Plaintiff Metro Taxi respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendants, awarding damages in an amount to be determined and proven at trial, including but not limited to lost profits and other economic damages, attorneys' fees and costs, interest, and all other damages as the Court deems appropriate under the circumstances.

## SECOND CLAIM FOR RELIEF
### Negligent Misrepresentation
**(Against All Defendants)**

48. Plaintiff Metro Taxi realleges and incorporates paragraphs 1-47 of this Complaint and Jury Demand as if fully set forth herein.

49. Upon information and belief, Defendants Mr. Friedberg, and Research Underwriters and Financial Associates, by and through their owners, corporate officers, employees, agents, or representatives, represented to Plaintiff that the Policy would satisfy requirements of Colorado law and that it would provide adequate coverage to Metro Taxi's cab drivers.

50. Upon information and belief, Defendants Mr. Friedberg, and Research Underwriters and Financial Associates, by and through their owners, corporate officers, employees, agents, or representatives, knew or should have known that the Policy recommended and sold to Metro Taxi was not adequate or compliant with Colorado law.

51.     Defendants Mr. Friedberg, and Research Underwriters and Financial Associates, by and through their owners, corporate officers, employees, agents, or representatives, failed to act like a reasonable person under the same or similar circumstances to protect Metro Taxi's interests by first reviewing Colorado insurance requirements and workers' compensation law as well as the Policy offered before selling the Policy to Metro Taxi, having represented that the Policy met Metro Taxi's expressed insurance needs.

52.     Defendants Mr. Friedberg, and Research Underwriters and Financial Associates, by and through their owners, corporate officers, employees, agents, or representatives, knew or should have known that in representing themselves to the public as leaders in the insurance business for their ability to provide solutions for businesses in the transportation industry, including Metro Taxi, that Metro Taxi would rely on the recommendations made by Mr. Friedberg and the owners, corporate officers, employees, agents, or representatives of Research Underwriters and Financial Associates.

53.     Defendants Mr. Friedberg, and Research Underwriters and Financial Associates, by and through their owners, corporate officers, employees, agents, or representatives, knew or should have known that if their owners, corporate officers, employees, agents, or representatives gave Metro Taxi incorrect information about the Policy and represented that the Policy was compliant with Colorado law when it was actually not compliant, then Metro Taxi would be harmed if insurance coverage was purchased and thereafter determined to be insufficient.

54.     Metro Taxi relied on the advice given to it by Mr. Friedberg and the owners, corporate officers, employees, agents, or representatives of Research Underwriters and Financial Associates when it purchased the Policy and thereafter offered it to its cab drivers.

55.     As a direct and proximate result of Metro Taxi's reliance on the misrepresentations of Defendants Mr. Friedberg, and Research Underwriters and Financial Associates, by and through their owners, corporate officers, employees, agents, or representatives, Metro Taxi has been damaged and continues to suffer damage.

WHEREFORE, Plaintiff Metro Taxi respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendants, awarding damages in an amount to be determined and proven at trial, including but not limited to lost profits and other economic damages, attorneys' fees and costs, interest, and all other damages as the Court deems appropriate under the circumstances.

### THIRD CLAIM FOR RELIEF
### <u>Negligence</u>
### (Against All Defendants)

56.  Plaintiff Metro Taxi realleges and incorporates paragraphs 1-55 of this Complaint and Jury Demand as if fully set forth herein.

57.  Metro Taxi requested an insurance policy from Defendants Mr. Friedberg, Research Underwriters and Financial Associates that satisfied Colorado workers' compensation law and provided adequate coverage for its cab drivers.

58.  Upon information and belief, Defendants Mr. Friedberg, and Research Underwriters and Financial Associates, by and through their owners, corporate officers, employees, agents, or representatives, knew or should have known that the Policy did not offer adequate coverage and did not comply with Colorado workers' compensation law.

59.  Defendants Mr. Friedberg, and Research Underwriters and Financial Associates, by and through their owners, corporate officers, employees, agents, or representatives, failed to act like a reasonable person under the same or similar circumstances to protect Metro Taxi's interests by first reviewing the Policy and Colorado insurance requirements before selling the Policy to Metro Taxi.

60.  Defendants Mr. Friedberg, and Research Underwriters and Financial Associates, by and through their owners, corporate officers, employees, agents, or representatives, knew or should have known that Metro Taxi would rely on the information and recommendations given to Metro Taxi concerning the purchase of the Policy.

61.  Metro Taxi relied on the advice of Mr. Friedberg and the owners, corporate officers, employees, agents, or representatives of Research Underwriters and Financial Associates in purchasing the Policy and thereafter offering it to its cab drivers.

62.  As a direct and proximate result of Metro Taxi's reliance on the advice of Mr. Friedberg, and Research Underwriters and Financial Associates, by and through their owners, corporate officers, employees, agents, or representatives, Metro Taxi was damaged and continues to suffer damage.

WHEREFORE, Plaintiff Metro Taxi respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendants, awarding damages in an amount to be determined and proven at trial, including but not limited to lost profits and other economic damages, attorneys' fees and costs, interest, and all other damages as the Court deems appropriate under the circumstances.

## FOURTH CLAIM FOR RELIEF
### Breach of Fiduciary Duty
**(Against All Defendants)**

63. Plaintiff Metro Taxi realleges and incorporates paragraphs 1-62 of this Complaint and Jury Demand as if fully set forth herein.

64. Defendants Mr. Friedberg, and Research Underwriters and Financial Associates, by and through their owners, corporate officers, employees, agents, or representatives, were acting as fiduciaries to Metro Taxi in consulting with Metro Taxi regarding their insurance options, making recommendations of insurance policies that complied with Colorado workers' compensation law, and providing Metro Taxi adequate workers' compensation coverage for its cab drivers.

65. Defendants Mr. Friedberg, and Research Underwriters and Financial Associates, by and through their owners, corporate officers, employees, agents, or representatives, represented to Mr. McBride that Defendants were qualified to offer insurance solutions to complex problems and that they could sell Mr. McBride on behalf of Metro Taxi an insurance policy in Colorado.

66. Despite their fiduciary duty to sell insurance that suited Metro Taxi's needs and requests, Defendants Mr. Friedberg, and Research Underwriters and Financial Associates, by and through their owners, corporate officers, employees, agents, or representatives, sold Metro Taxi an insurance policy that they knew would not provide Metro Taxi adequate insurance coverage and would not satisfy the requirements of Colorado workers' compensation law.

67. In selling Metro Taxi the Policy, Defendants Mr. Friedberg, and Research Underwriters and Financial Associates, by and through their owners, corporate officers, employees, agents, or representatives, failed to look out for Metro Taxi's best interests and breached their fiduciary duty to Metro Taxi.

68. By failing to conduct research or to disclose the limitations of the Policy prior to selling the Policy to Metro Taxi, Defendants Mr. Friedberg, and Research Underwriters and Financial Associates, by and through their owners, corporate officers, employees, agents, or representatives, breached their fiduciary duty to Metro Taxi.

69. The breach of fiduciary duty by Defendants Mr. Friedberg, and Research Underwriters and Financial Associates, by and through their owners, corporate officers, employees, agents, or representatives, was the direct and proximate cause of Metro Taxi's damage.

WHEREFORE, Plaintiff Metro Taxi respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendants, awarding damages in an amount

to be determined and proven at trial, including but not limited to lost profits and other economic damages, attorneys' fees and costs, interest, and all other damages as the Court deems appropriate under the circumstances.

### FIFTH CLAIM FOR RELIEF
### Breach of Implied Duty of Good Faith and Fair Dealing
### (Against All Defendants)

70. Plaintiff Metro Taxi realleges and incorporates paragraphs 1-69 of this Complaint and Jury Demand as if fully set forth herein.

71. Metro Taxi agreed to work with Research Underwriters and Financial Associates, by and through their owners, corporate officers, employees, agents, or representatives, to obtain recommendations as to Metro Taxi's options for insurance for its cab drivers.

72. Mr. Friedberg represented to Mr. McBride that he was qualified to offer insurance solutions to complex problems and that he could sell Mr. McBride on behalf of Metro Taxi an insurance policy in Colorado for its cab drivers.

73. Defendants Mr. Friedberg, and Research Underwriters and Financial Associates by and through their owners, corporate officers, employees, agents, or representatives, breached their agreement with Metro Taxi by assisting in the sale to Metro Taxi of the Policy, which did not provide adequate insurance coverage and did not satisfy the requirements of Colorado workers' compensation law.

74. By failing to disclose to Metro Taxi the limitations of the Policy and by failing to conduct research prior to selling the Policy, Defendants Mr. Friedberg, and Research Underwriters and Financial Associates, by and through their owners, corporate officers, employees, agents, or representatives, failed to consider Metro Taxi's best interests as impliedly agreed to by the parties in performance of the agreement to sell Metro Taxi insurance.

75. Defendants Mr. Friedberg, and Research Underwriters and Financial Associates, by and through their owners, corporate officers, employees, agents, or representatives, failed to act in good faith and to deal fairly with Metro Taxi.

76. As a direct and proximate result of the breach of the duty of good faith and fair dealing by Defendants Mr. Friedberg, and Research Underwriters and Financial Associates, by and through their owners, corporate officers, employees, agents, or representatives, Metro Taxi was damaged and continues to suffer damage.

WHEREFORE, Plaintiff Metro Taxi respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendants, awarding damages in an amount

to be determined and proven at trial, including but not limited to lost profits and other economic damages, attorneys' fees and costs, interest, and all other damages as the Court deems appropriate under the circumstances.

**SIXTH CLAIM FOR RELIEF**
**Violation of the Colorado Consumer Protection Act – C.R.S. § 6-1-101 *et seq.***
**(Against All Defendants)**

77.     Plaintiff Metro Taxi realleges and incorporates paragraphs 1-76 of this Complaint and Jury Demand as if fully set forth herein.

78.     Metro Taxi engaged Mr. Friedberg, and Research Underwriters and Financial Associates, by and through their owners, corporate officers, employees, agents, or representatives, to give recommendations on insurance policies for Metro Taxi's cab drivers in Colorado.

79.     At the time that Metro Taxi purchased the Policy, Defendants Research Underwriters and Financial Associates, by and through their owners, corporate officers, employees, agents, or representatives, advertised that they were leaders in the insurance business and that they could provide insurance solutions for businesses like Metro Taxi.

80.     At the time that Metro Taxi purchased the Policy, Defendants Research Underwriters and Financial Associates, by and through their owners, corporate officers, employees, agents, or representatives, had represented to Metro Taxi that Defendants Mr. Friedberg and the owners, corporate officers, employees, agents, or representatives of Research Underwriters and Financial Associates were qualified to offer insurance solutions to complex problems and that Defendants Mr. Friedberg, and Research Underwriters and Financial Associates, by and through their owners, corporate officers, employees, agents, or representatives, could sell Metro Taxi an insurance policy in Colorado.

81.     Upon information and belief, Defendants Mr. Friedberg, and Research Underwriters and Financial Associates, by and through their owners, corporate officers, employees, agents, or representatives, did not know the requirements of Colorado workers' compensation law despite Mr. Friedberg's and Financial Associates' possession of a license to sell insurance in Colorado.

82.     Defendants Mr. Friedberg, and Research Underwriters and Financial Associates, by and through their owners, corporate officers, employees, agents, or representatives, engaged in unfair or deceptive trade practices by expressly and impliedly representing to Metro Taxi that the Policy sold to Metro Taxi during the years 2004 through 2007 would provide sufficient coverage and would meet the requirements of Colorado's workers' compensation law.

83. Selling insurance that does not satisfy the clients' needs or the requirements of local law is a deceptive trade practice that occurred in the course of Defendants' insurance business.

84. Defendants Mr. Friedberg, and Research Underwriters and Financial Associates, by and through their owners, corporate officers, employees, agents, or representatives, have sold insurance policies that do not provide adequate coverage for the clients' disclosed risks and that do not comply with local law where those policies were sold.

85. The deceptive trade practices engaged in by Mr. Friedberg and Research Underwriters and Financial Associates, by and through their owners, corporate officers, employees, agents, or representatives, have a significant public impact.

86. The Policy recommended and sold to Metro Taxi by Mr. Friedberg and Research Underwriters and Financial Associates, by and through their owners, corporate officers, employees, agents, or representatives, did not provide Metro Taxi cab drivers adequate coverage for job-related injuries and the Policy was not compliant with Colorado's workers' compensation law.

87. Upon information and belief, Defendants Mr. Friedberg, and Research Underwriters and Financial Associates, by and through their owners, corporate officers, employees, agents, or representatives, made an informed decision to continue to engage in deceptive practices by offering to clients insurance policies that Defendants knew were inadequate and noncompliant with local law.

88. Upon information and belief, despite knowing that the Policy was inadequate and noncompliant, Defendants Mr. Friedberg, and Research Underwriters and Financial Associates, by and through their owners, corporate officers, employees, agents, or representatives, continued to recommend as well as to sell the Policy and to renew it with Metro Taxi.

89. As a result of the deceptive trade practices of Mr. Friedberg and Research Underwriters and Financial Associates, by and through their owners, corporate officers, employees, agents, or representatives, Metro Taxi was damaged and continues to suffer damage.

90. Upon information and belief other companies in Colorado and nationwide who purchased insurance policies from Defendants were damaged.

WHEREFORE, Plaintiff Metro Taxi respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendants, awarding damages in an amount to be determined and proven at trial, including but not limited to lost profits and other economic damages, attorneys' fees and costs, interest, and all other damages as the Court deems appropriate under the circumstances.

## SEVENTH CLAIM FOR RELIEF
### Vicarious Liability Pursuant to Respondent Superior
**(Against Research Underwriters and Financial Associates)**

91. Plaintiff Metro Taxi realleges and incorporates paragraphs 1-90 of this Complaint and Jury Demand as if fully set forth herein.

92. In the negotiation, investigation, and sale of the Policy to Metro Taxi, Mr. Friedberg was an agent and/or employee of Defendants Research Underwriters and Financial Associates.

93. In the negotiation, investigation, and sale of the Policy to Metro Taxi, Mr. Friedberg was acting within the course and scope of his employment and/or agency and with actual, apparent, and implied authority of Defendants Research Underwriters and Financial Associates.

94. The acts or omissions of the agents/employees of Defendant Research Underwriters and Financial Associates in the negotiation, investigation, and sale of the Policy to Metro Taxi are by law deemed to be the acts or omissions of Defendant Research Underwriters and Financial Associates pursuant to the doctrine of *respondent superior*.

WHEREFORE, Plaintiff Metro Taxi respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendants Research Underwriters and Financial Associates, awarding damages in an amount to be determined and proven at trial, including but not limited to lost profits and other economic damages, attorneys' fees and costs, interest, and all other damages as the Court deems appropriate under the circumstances.

**PLAINTIFF DEMANDS A TRIAL BY JURY FOR ANY AND ALL ISSUES TRIABLE BY JURY.**

Respectfully submitted this 28th day of June 2010.

HARRIS, KARSTAEDT, JAMISON
& POWERS, P.C.

*A duly authorized signature is on file at the offices of Harris, Karstaedt, Jamison & Powers, P.C.*

By: *s/ Jamey W. Jamison*
Jamey W. Jamison, #10953
ATTORNEYS FOR PLAINTIFF
MKBS, LLC D/B/A METRO TAXI

        188 Inverness Drive West   # 300
        Englewood, Colorado   80112
        jjamison@hkjp.com

<u>Address of Plaintiff:</u>
5909 East 38th Avenue
Denver, Colorado 80207

## CERTIFICATE OF SERVICE (CM/ECF)

The undersigned hereby certifies that on June 28, 2010, the foregoing **FIRST AMENDED COMPLAINT AND JURY DEMAND PURSUANT TO FED. R. CIV. PRO. 15(a)(1)** was filed and/or served via the CM/ECF process and/or via the United States Postal Service, first class postage prepaid, on the following individuals:

Daniel R. McCune
Miles L. Buckingham
Kennedy Childs & Fogg, P.C.
633 17th Street   # 2200
Denver, Colorado   80202-3661


        s/   *Jane Johnson*