IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-01326-REB-KLM

MKBS, LLC d/b/a METRO TAXI,

       Plaintiff,

v.

FINANCIAL ASSOCIATES, INC., a Pennsylvania corporation, and
STEPHEN FRIEDBERG, an individual,

       Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

       This matter is before the Court on Plaintiff's **Motion for Leave to File Second Amended Complaint and Jury Demand Pursuant to Fed. R. Civ. P. 15(a)** [Docket No. 34; Filed October 26, 2010] (the "Motion").  Defendants filed a Response [Docket No. 36] (the "Response") in opposition to the Motion on November 16, 2010.  Plaintiff filed a Reply [Docket No. 40] (the "Reply") on November 24, 2010.

       The operative Scheduling Order [Docket No. 26] provided that the deadline for seeking leave to amend pleadings expired October 26, 2010.  Plaintiff filed the Motion before the expiration of the deadline.  Accordingly, Plaintiff's Motion is timely.

       Plaintiff's tendered Second Amended Complaint [Docket No. 34-1] amends the original Complaint [Docket Nos. 1-1 and 2] "in order to omit allegations related to Research Underwriters, LLC, considering that Plaintiff has voluntarily dismissed Research Underwriters, LLC without prejudice, and to add a breach of contract claim." *Motion* [#34]

at 3.

The Court has discretion to grant a party leave to amend its pleadings. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). "In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.–the leave sought should, as the rules require, be 'freely given.'" *Id.*

In this case, Defendants argue that Plaintiff's tendered Second Amended Complaint [#34-1] should not be accepted for filing because (1) it was unduly and inexplicably delayed, and (2) it contains a new breach of contract claim that is futile. *Response* [#36] at 2-5. The Court considers Defendants' arguments in turn.

First, Defendants contend that Plaintiff has not provided "any explanation or justification for why the new [breach of contract] claim could not [have been] included in the original pleadings." *Id.* at 2. Defendants assert that "[i]f the party seeking amendment knows, or should have known the facts upon which the proposed amendment is based, but fails to include them in the original complaint, the motion to amend is subject to denial." *Id.* (citing *State Distributors, Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984)). Plaintiff represents that its new breach of contract claim is based in part on facts that came to light after the commencement of this case. *See Motion* [#34] at 4. Plaintiff explains as follows: "Through recent discovery efforts, including review of documents and consultation with third parties regarding the underlying facts, it has become apparent to [Plaintiff] that the method employed by Defendants to calculate the premiums for the

insurance policy Defendants sold to [Plaintiff], which is at issue in this case, was improper." *Id.*; *see also Reply* [#40] at 9 ("Plaintiff asserted this amendment as soon as new evidence was uncovered."). Based on Plaintiff's representation, the Court finds that Plaintiff's Motion was not unduly or inexplicably delayed.

Turning to Defendants' second argument, it is well settled that a proposed amendment is futile only if the complaint, as amended, would not survive a motion to dismiss. *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (citing *Jefferson County Sch. Dist. v. Moody's Investor's Servs.*, 175 F.3d 848, 859 (10th Cir. 1999)). "In ascertaining whether plaintiff's proposed amended complaint is likely to survive a motion to dismiss, the court must construe the complaint in the light most favorable to plaintiff, and the allegations in the complaint must be accepted as true." *Murray v. Sevier*, 156 F.R.D. 235, 238 (D. Kan. 1994). Moreover, "[a]ny ambiguities must be resolved in favor of plaintiff, giving him the benefit of every reasonable inference drawn from the well-pleaded facts and allegations in his complaint." *Id.* (quotations omitted).

In this case, Defendants contend that Plaintiff's amendment is futile for two reasons. First, Defendants argue that "[a] review of the allegations making up [the new breach of contract claim] shows that Plaintiff is, in reality, re-stating its prior claims of misrepresentation (Plaintiff's first and second claims [in the original Complaint]) and negligence (Plaintiff's third claim [in the original Complaint])." *Response* [#36] at 3. Defendants assert that Plaintiff's first, second, and third claims in the original Complaint are time-barred. *Id.* Defendants have filed a Motion to Dismiss [Docket No. 13] the claims on

that basis.[1]  Second, Defendants argue that "[e]ven if the Court does not treat Plaintiff's new breach of contract claim as a time-barred tort action, the contract claim is, itself, time-barred by operation of C.R.S. § 13-80-101(1)(a)."  *Id.* at 5.

The Court finds that it is not clear at this juncture that Plaintiff's new breach of contract claim would be futile either by operation of the statute of limitations or on the merits.  Further factual development is required to determine whether any equitable tolling of the statute of limitations applies in this case.  Moreover, the Court is not inclined to delve deeply into the merits of Plaintiff's claim at this stage of the proceedings.  *See Foman*, 371 U.S. at 182 ("If the underlying facts or circumstances relied upon by plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.").  At this stage, it is simply not appropriate for the Court to weigh the facts and evidence to resolve any disputes between the parties.  *See Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).  The Court's sole function now is to determine whether Plaintiff has provided a plausible basis for liability if its version of the facts is assumed to be true.  After reviewing the tendered Second Amended Complaint [#34-1], the Court finds that Plaintiff has provided the necessary plausible basis.

Finally, the Court notes that prejudice to Defendants is the most important factor in considering whether Plaintiff should be permitted to amend its Complaint.  *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006).  "Courts typically find prejudice only when the [proposed] amendment unfairly affects the defendants in terms of preparing their

---

[1] The Motion to Dismiss [#13] is currently pending before District Judge Robert E. Blackburn and has not been referred to this Court.  Because the question of whether Plaintiff's first, second, and third claims are time-barred will be resolved by District Judge Blackburn, it is not appropriate for this Court to consider the question now.

defense to [claims asserted in the] amendment." *Id.* (quotation omitted).  In this case, the Court finds that Defendants have not established that allowing Plaintiff to file its Second Amended Complaint will unfairly impact their ability to defend against the new breach of contract claim.

For the foregoing reasons, and considering that leave to amend should be freely given,

IT IS HEREBY **ORDERED** that the Motion [#34] is **GRANTED**.  The Clerk of the Court shall accept Plaintiff's Second Amended Complaint [#34-1] for filing as of the date of this order.


Dated:  November 30, 2010