IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-CV-01326-REB-KLM

MKBS, LLC d/b/a METRO TAXI

Plaintiff,

v.

FINANCIAL ASSOCIATES, INC., a Pennsylvania corporation, and
STEPHEN FRIEDBERG, an individual

Defendants.

---

**STIPULATION AND PROTECTIVE ORDER**

---

Pursuant to the Joint Stipulated Motion for Protective Order filed by the parties to the action, and joined in by interested parties AIG Insurance Services, Inc. n/k/a Chartis Claims, National Union Fire Insurance Company of Pittsburgh, PA ("NUFIC") and Chartis Claims, Inc. (all of whom are referred to collectively herein as "the Parties"), and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined), and, as grounds therefor, state as follows:

1. In this action, at least one of the Parties has sought and/or is seeking Confidential Information (as defined in paragraph 2 below). The Parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions. The Parties assert the disclosure of such information outside the scope of this litigation could

result in significant injury to one or more of the Parties' business or privacy interests. The Parties have entered into this Stipulation and request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

2. "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom - not made available to the public - and designated by one of the Parties in the manner provided in paragraph 3 below as containing confidential or otherwise protected information, including trade secrets, financial information, intellectual property, privileged or protected communications, sensitive personal information, or other information which, if allowed to be disseminated to the public, to competitors of the producing party or published, could have a materially adverse impact on the producing party. A draft or non-identical copy is a separate document within the meaning of this term.

3. Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

    a. By imprinting the word "Confidential" on the first page or cover of any document produced;

    b. By imprinting the word "Confidential" within, next to or above any response to a discovery request; and

c. With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than ten calendar days after receipt of the transcribed testimony. These ten days are calculated as ten calendar days, and does not skip or omit weekends or holidays. The ten day "clock" begins after the receipt of the first draft of any deposition or hearing or trial transcript, and does not hold until the transcript is finalized or the signature sheet is returned by the witness deposed or giving testimony. Receipt of a transcript by email is sufficient to begin the ten day clock.

d. If any Confidential Information produced by NUFIC and/or Chartis Claims is used in any deposition, discovery or hearing, such document, and all testimony relating in any way to the document will be deemed confidential irrespective of the procedure set out in c. above. All participants in the deposition, discovery or hearing will be notified that the document is subject to this Protective Order. Any testimony relating in any way to Confidential documents produced by NUFIC and/or Chartis Claims is subject to the same restrictions and limitations on its use as the document itself.

4. Confidential Information shall be subject to the following restrictions. Confidential Material shall be used only for the limited purpose of preparing for and conducting this civil action (including any appeals), and not for any other purpose whatsoever, and shall not, without the consent of the party producing it or further Order

of the Court, be disclosed in any way to anyone except those specified in this paragraph:

    a.    attorneys involved with the litigation;

    b.    persons regularly employed by, or contracted with, or associated with the attorneys actively working on the case whose assistance is deemed required by said attorneys in the preparation for trial or other proceedings in this case;

    c.    the parties and designated representatives of entity parties, as well as their insurers and reinsurers;

    d.    deponents, consultants, and witnesses (both lay and expert) who execute the attached Exhibit A;

    e.    the Court and its employees ("Court Personnel");

    f.    stenographic reporters and videographers who are engaged in proceedings necessarily incident to the conduct of this action;

    g.    witnesses or potential witnesses who execute the attached Exhibit A;

    h.    copying / scanning services and their employees who will, or who may be, asked to work with counsel to reproduce, organize, image or otherwise work with materials produced in this action;

    i.    Mediators;

    j.    Persons agreed-to by and between the Parties, provided that such

4

persons execute the attached Exhibit A.

5. Except as specified herein, no Confidential Material shall be disclosed to anyone other than the persons set out in paragraph 4 (above) and then in accordance with the conditions set out (e.g., the execution of Exhibit A, where identified). When the disclosure of Confidential Material to a person listed in paragraph 4 above as needing to execute Exhibit A is made, counsel making the disclosure of information shall provide such person with a copy of this Protective Order and have such person execute a copy of Exhibit A acknowledging that he or she read this Protective Order and agreed to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel. *Under no circumstances shall judicial officers be obligated to execute Exhibit A.* [handwritten] [initials: KM]

6. The Party's counsel who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and shall obtain and retain the original affidavits signed by qualified recipients of Confidential Information, and shall maintain a list of all persons to whom any Confidential Information is disclosed.

7. During the pendency of this action, counsel may upon court order or agreement of the parties inspect the list maintained by counsel pursuant to paragraph 6 above upon a showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are

5

unable otherwise to identify the source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

8. No copies or electronic images of Confidential Information shall be made except by or on behalf of counsel in this litigation, and such copies or electronic images shall be made and used solely for purposes of this litigation. Providing copies or electronic images to retained expert witnesses (whether or not they are ever disclosed), including witnesses subject to Fed. R. Civ. Pro. 26(a)(2)(B), shall constitute the creation or use of copies or electronic images "on behalf of counsel in this litigation." Such witnesses shall hold protected information in the manner described by paragraph 5, above. Review of Confidential Material by counsel, experts or consultants for the litigation will not constitute any waiver of the confidentiality of the document or of any objections to production. The inadvertent, unintentional or in camera disclosure of Confidential Material shall not, in and of itself, be deemed a waiver, in whole or in part, of any claims of confidentiality.

9. During the pendency of this litigation, counsel and Fed. R. Civ. Pro. 26(a)(2)(B) witnesses shall retain custody of Confidential Information, and copies made therefrom pursuant to paragraph 8 above.

10. If opposing counsel objects to the designation of certain information as Confidential Information, he or she shall promptly inform the other Parties' counsel in writing of the specific grounds of objection to the designation. All counsel shall then, in

good faith and on an informal basis, attempt to resolve such dispute. If after such good faith attempt, all counsel are unable to resolve their dispute, opposing counsel may move for a disclosure order consistent with this order. Any motion for disclosure shall be filed within 14 days of receipt by counsel of notice of opposing counsel's objection, and the information shall continue to have Confidential Information status from the time it is produced until the ruling by the Court on the motion.

11. Use of Confidential Information in Court Proceedings: In the event Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the parties through such use. With the exception of Confidential Information produced by NUFIC and/or Chartis Claims, Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be accepted for filing "under seal" or otherwise kept out of the public record in this action, however, except by court order issued upon motion of the party seeking to file the documents under seal. All Confidential Information produced by NUFIC and/or Chartis Claims, or testimony or discovery relating in any way to Confidential Information produced by NUFIC and/or Chartis Claims shall be filed under seal. In the event that such filing is not available or otherwise not appropriate, the Parties shall notify NUFIC and/or Chartis Claims at least ten (10) days in advance of the filing to allow NUFIC and/or Chartis Claims to act as they see fit to protect the Confidential information. Any motion requesting leave to file documents under seal shall comply with the requirements of D.C.COLO.LCivR 7.2 and

demonstrate that the Confidential Information at issue is entitled to protection under the standards articulated in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-602 (1978)(applied in *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) and *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)).

12. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

13. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it. Nor does any Party waive any objection it may have to the production of specific documents or materials.

14. Upon termination of this litigation, including any appeals, all Fed. R. Civ. Pro. 26(a)(2)(B) witnesses shall return to the persons who provided it, all Confidential Information. Upon termination of this litigation, including any appeals, and after the expiration of all time periods for the retention of files set by law, rule or insurance contract, each Party's counsel shall either (a) confirm upon request of any other party that the Confidential Information has been destroyed; or (b) return to the producing party all Confidential Information provided subject to this Protective Order, and all extracts, abstracts, charts, summaries, notes or copies made therefrom.

15. Nothing in this Protective Order shall preclude any Party from filing a

motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

Dated at Denver, Colorado, this 13th day of January, 2011.

BY THE COURT:

_____

UNITED STATES DISTRICT COURT /

UNITED STATES DISTRICT COURT MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-CV-01326-REB-KLM

MKBS, LLC d/b/a METRO TAXI

Plaintiff,

v.

FINANCIAL ASSOCIATES, INC., a Pennsylvania corporation, and
STEPHEN FRIEDBERG, an individual

Defendants.

---

## EXHIBIT A - AFFIDAVIT

---

STATE OF _____  )
                                    )   ss.
COUNTY OF _____  )

_____, swears or affirms and states under penalty of perjury:

1.   I have read the Protective Order in the above captioned matter, a copy of which is attached to this Affidavit.

2.   I have been informed by _____, Esq., counsel for _____, that the materials described in the list attached to this Affidavit are Confidential Information as defined in the Protective Order.

3.    I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

4.    For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

5.    I will abide by the terms of the Protective Order.

Signed: _____

Printed name:

Address:

Phone No.:

SUBSCRIBED AND SWORN to before me this _____ day of _____, 2011, by _____.

WITNESS my hand and official seal.

[S E A L]

Notary Public

My Commission Expires: